IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY BROWN, : | |
| : | |
| Petitioner, : | |
| : | CIVIL ACTION NO.: |
| v. : | |
| : | 2:09-CV-3970-CDJ |
| LOUIS FOLINO, : | |
| : | |
| Respondent. : | |

**ORDER**

**AND NOW**, this 16th day of April, 2014, it is hereby **ORDERED**:

1.) The Report and Recommendation, (Doc. No. 52), is **APPROVED** and **ADOPTED**;[1]

---

[1] Petitioner filed objections to the report and recommendation on October 11, 2013, most of which restate arguments that Judge Reuter rejected in his Report and Recommendation (R&R). Nonetheless, the court will address several of these objections below.

By way of relevant background, petitioner was convicted of first degree murder, robbery, criminal conspiracy and possession of an instrument of a crime by the Court of Common Pleas for Philadelphia County. After lengthy state appeals and collateral review, petitioner filed the instant *habeas* petition arguing that the state trial court erred in denying his pre-trial motion for severance, which requested separate trials on the grounds of inconsistent defenses, and his motion for a mistrial, which requested a mistrial on the ground that the prosecution improperly referenced petitioner in a pre-trial statement made by his co-defendant. In regard to the latter Count, petitioner argued that his co-defendant subsequently invoked his right against self-incrimination, thereby violating petitioner's confrontation clause rights.  Petitioner subsequently requested and this court granted him leave to withdraw his ineffective assistance of counsel claims on the grounds that he had not exhausted his state remedies.

Initially, petitioner asks this court to adopt the plain error standard, but it is unclear as to whether he is referring to this court's review of the state record or to this court's review of the Report and Recommendation. (Obj. at 34-36.) As to the former, the court is bound by the standard of review set forth in the AEDPA, which utilizes the "contrary to," "unreasonable application" and "unreasonable determination" standards. 28 U.S.C. §2254(d). As to the latter, this court is obligated to engage in *de novo* review of those portions of the report and recommendation to which petitioner objects. 28 U.S.C. §636(b)(1).

In section I of his objections, petitioner argues that the Pennsylvania Supreme Court's decision constituted an unreasonable interpretation of U.S. Supreme Court precedent under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), thereby mandating *habeas* relief. In particular, petitioner argues that the State court improperly construed Supreme Court precedent in *Frazier v. Cupp*, 394 U.S. 731 (1969). Petitioner distinguishes the facts of his case from *Frazier*

2.)     The petition for a writ of *habeas corpus*, (Doc. No. 1), is **DENIED**;

3.)     The Supplemental Amended Petition Under § 2254 Raising One New Issue of PCRA Counsel Ineffectiveness Where PCRA Counsel Missed a Substantial (Meritable) Claim of Trial Counsel's Ineffectiveness Said Claim is Not Procedurally Barred and Can Be Litigated in Federal *Habeas Corpus* Petition, (Doc. No. 33), is **DENIED**;

4.)     The Supplemental Cases for Review/Motion to Consider Relevant Pennsylvania Cases Interpreting Felony-Murder, (Doc. No. 41), is **DENIED**;

5.)     The Supplemental Petition Raising Additional Claim of PCRA Counsel Ineffectiveness, (Doc. No. 42), is **DENIED**;

6.)     No certificate of appealability shall issue.

---

on several grounds, none of which affects the central holding of that case, that a limiting instruction is normally sufficient to protect a defendant's confrontation rights when it is the prosecution, rather than a witness, that cites inadmissible testimony. The court does not believe that the state court's interpretation of *Frazier* was unreasonable.

    Next, plaintiff argues that Judge Reuter failed to consider *Richardson v. Marsh*, but that observation is completely inaccurate. Judge Reuter not only addressed *Richardson* but relied on it in determining whether the Pennsylvania Supreme Court's interpretation of the law was a reasonable one within the definition of the AEDPA. (R&R, at 12.)

    In section V, petitioner requests that the court consider several other cases to more accurately determine whether the Pennsylvania Supreme Court reasonably applied clearly established federal law in finding that the prosecutor's statement in closing argument did not violate petitioner's confrontation clause rights. (Objections, at 27-32.) The court notes that these opinions originated from the Third Circuit Court of Appeals and, in one case, the Honorable Elizabeth T. Hey, United States Magistrate Judge. As Judge Reuter pointed out in his Report and Recommendation, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" so petitioner's argument is without merit. *Parker v. Matthews*, 132 S.Ct. 2148, 2155 (2012) (citing 28 U.S.C. §2254(d)(1)).

    Plaintiff also asks the court to consider *Namet v. United States* for the proposition that an issue should be preserved for *habeas* review despite the failure to exhaust state court remedies if there was prosecutorial misconduct or if the complained of conduct was obviously prejudicial to the accused. *Namet v. United States*, 373 U.S. 179 (1963). Quite simply, that case does not address this issue. As such, petitioner's reliance on it is misplaced.

    Finally, petitioner argues that his post-petition claims were timely filed and goes to great length to dispute Judge Reuter's interpretation of applicable case law. (Compl. at 41-44.) However, both of these claims relate to petitioner's argument that he was wrongfully convicted of felony murder and conspiracy to commit robbery, neither of which the jury actually convicted him.

                          **BY THE COURT:**
                          /s/ C. Darnell Jones, II
                          _____

                          **C. DARNELL JONES, II   J.**